DiGiacomo v New York City Civilian Complaint Review Bd. (2023 NY Slip Op 01475)

DiGiacomo v New York City Civilian Complaint Review Bd.

2023 NY Slip Op 01475

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Kapnick, J.P., Kern, Gesmer, Moulton, Higgitt, JJ. 

Index No. 154779/21, 155394/21 Appeal No. 17541-17542 Case No. 2022-02488, 2022-02489 

[*1]Paul DiGiacomo, et al., Plaintiffs/Petitioners-Appellants,
v
The New York City Civilian Complaint Review Board et al., Defendants/Respondents-Respondents.
Louis Turco et al., Plaintiffs/Petitioners-Appellants,
v
The New York City Civilian Complaint Review Board et al., Defendants/Respondents-Respondents.

Karasyk & Moschella, LLP, New York (James M. Moschella of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kevin Osowski of counsel), for respondents.

Orders, Supreme Court, New York County (Laurence Love, J.), entered on or about November 16, 2021, which, insofar as appealed from as limited by the briefs, denied the petitions, in these hybrid CPLR article 78 proceedings, to the extent they sought a declaration that changes to the Civilian Complaint Review Board (CCRB) rules, defining "abuse of authority" as approved by vote on February 10, 2021, were void as applied to violations of the Right to Know Act (Administrative Code of City of NY § 14-174), to permanently enjoin respondents from implementing or enforcing that definition as applied to such violations, to annul CCRB's determination, dated December 23, 2020, finding, among other things, that a charge of abuse of authority against petitioner Hong Chen was substantiated, and to remove that finding from CCRB's histories and website, unanimously affirmed, without costs.
In a prior proceeding, we held that "we defer to the CCRB's interpretation of the term 'abuse of authority,' unless that definition is irrational, unreasonable, or inconsistent with the governing statute" (Matter of Lynch v New York City Civilian Complaint Review Bd., 206 AD3d 558, 559 [1st Dept 2022], lv denied 39 NY3d 902 [2022]). In that case, we also found that the CCRB's interpretation of that term as "misusing police power," encompassing certain types of misconduct not at issue on the instant appeals, "is consistent with the plain language of the governing statute" (id. at 560; see New York City Charter § 440[c][1]).
Here, it is not disputed that the CCRB had a rational basis for defining abuse of authority to include NYPD members' "refusals to provide identifying information" (38-A RCNY 1-01) insofar as that part of the definition is applied to such refusals in response to requests by members of the public. We find that the CCRB rationally applied the definition of abuse of authority to failures to provide identifying information during law enforcement encounters where required by the Right to Know Act (Administrative Code § 14-174), regardless of whether there has been a request, including the December 2020 finding substantiating a charge of abuse of authority against petitioner Lieutenant Hong Chen for failing to provide a business card to a civilian during a police encounter in accordance with the Right to Know Act. We have considered and rejected petitioners' arguments that the Right to Know Act is outside the CCRB's jurisdiction, and that Chen has been deprived of due process.
Respondents' contention that the arguments specific to Chen are time-barred, since the officer's petition was filed in June 2021, more than four months after Chen was served with the December 2020 determination finding that the aforementioned charge was substantiated and recommending a certain disciplinary action, is unavailing. The December 2020 determination is not "final and binding" (CPLR 217[1]), but is rather a recommendation to be considered by the Police Commissioner (see 38-A RCNY [*2]1-45[a]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023